1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

MANUEL ALVAREZ,                         Case No. 1:17-cv-00971-MJS (HC)

11              Petitioner,              **ORDER TO SHOW CAUSE WHY THE**
                                          **PETITION SHOULD NOT BE DISMISSED**
12         v.

13  UNITED STATES OF AMERICA,             **(ECF Nos. 1, 7)**

14              Respondent.

15                                       **THIRTY (30) DAY DEADLINE**

16

17

18          Petitioner is in federal custody, apparently pursuant to the January 13, 2017

19  judgment in Alvarez-Cabello v. United States, No. 2:16-cr-00229-TLN-1, convicting him

20  of one count of being a deported alien found in the United States and sentencing him to

21  a fifteen-month term of incarceration. He initiated this action in the District Court for the

22  Northern District of California on May 30, 2017, with a filing purporting to be a motion

23  brought pursuant to 28 U.S.C. § 2255. (ECF No. 1.) However, it appearing that Petitioner

24  intended to challenge the August 2010 judgment of the Superior Court of California,

25  County of Merced, convicting him of assault on a peace officer, the action was construed

26  as a § 2254 habeas petition and transferred to this district. (ECF No. 8.)

27

28

**I.     Jurisdiction**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

Here, the Court is unable to determine whether it has jurisdiction over the petition under 28 U.S.C. § 2254. Subject matter jurisdiction over section 2254 petitions exists only when, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); 28 U.S.C. §§ 2241(c), 2254(a). A habeas petitioner does not remain "in custody" under a conviction once the sentence imposed for the conviction has "fully expired." Maleng, 490 U.S. at 492. Here, it is unclear whether Petitioner's state sentence has fully expired. Petitioner states that he was sentenced in August 2010 to a jail term of three months, a probationary period of three years, and a suspended sentence of five years and eight months. It is not apparent whether his probation was revoked, or whether the suspended sentence ultimately was executed.

The Court cannot determine, from the information before it, whether Petitioner is presently in custody for purposes of section 2254. The Court's jurisdiction over the petition is therefore unclear.

**II.     Exhaustion**

Assuming jurisdiction is proper under § 2254, it appears that Petitioner's claims are unexhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court

1 and gives the state court the initial opportunity to correct the state's alleged constitutional

2 deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S.

3 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

4     A petitioner can satisfy the exhaustion requirement by providing the highest state

5 court with a full and fair opportunity to consider each claim before presenting it to the

6 federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S.

7 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will

8 find that the highest state court was given a full and fair opportunity to hear a claim if the

9 petitioner has presented the highest state court with the claim's factual and legal basis.

10 <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9 (1992)

11 (factual basis).

12     Additionally, the petitioner must have specifically told the state court that he was

13 raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>,

14 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195

15 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In

16 <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

17
18
19
20
21
22
> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

23 <u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

24
25
26
27
28
> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. <u>See</u> <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v.</u>

Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claims to the highest state court, the California Supreme Court. Petitioner must inform the Court if, in fact, his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court along with a copy of any ruling made by the California Supreme Court. Without knowing what claims, if any, have been presented to the California Supreme Court, the Court is unable to proceed to the merits of the petition. 28 U.S.C. § 2254(b)(1).

**III.    Order**

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for lack of jurisdiction and failure to exhaust state remedies. Petitioner is ORDERED to inform the Court, within thirty (30) days of the service of this order, regarding the status of his state court sentence and what claims, if any, have been presented to the California Supreme Court.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:    August 2, 2017                /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

4