UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ALVAREZ,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 1:17-cv-00971-MJS (HC)<br><br>**ORDER DISMISSING PETITION**<br><br>**(ECF Nos. 1, 7)**<br><br>**CLERK TO TERMINATE MOTIONS AND CLOSE CASE** |

Petitioner is in federal custody, apparently pursuant to the January 13, 2017 judgment in <u>Alvarez-Cabello v. United States</u>, No. 2:16-cr-00229-TLN-1, convicting him of one count of being a deported alien found in the United States, and sentencing him to a fifteen-month term of incarceration. He initiated this action in the District Court for the Northern District of California on May 30, 2017, with a filing purporting to be a motion brought pursuant to 28 U.S.C. § 2255. (ECF No. 1.) However, it appearing that Petitioner intended to challenge the August 2010 judgment of the Superior Court of California, County of Merced, convicting him of assault on a peace officer, the action was construed as a § 2254 habeas petition and transferred to this district. (ECF No. 8.)

Petitioner consented to Magistrate Judge jurisdiction. (ECF No. 12.) No other

parties have appeared in the action.

On August 3, 2017, the undersigned ordered Petitioner to show cause why the action should not be dismissed for lack of jurisdiction and failure to exhaust administrative remedies. (ECF No. 13.) Petitioner did not respond and the time for doing so has passed. Accordingly, for the reasons set forth below, the petition will be dismissed.

**I.      Jurisdiction**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.

Here, it does not appear that the Court has jurisdiction over the petition under 28 U.S.C. § 2254. Subject matter jurisdiction over section 2254 petitions exists only when, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); 28 U.S.C. §§ 2241(c), 2254(a). A habeas petitioner does not remain "in custody" under a conviction once the sentence imposed for the conviction has "fully expired." Maleng, 490 U.S. at 492. Here, it is unclear whether Petitioner's state sentence has fully expired. Petitioner states that he was sentenced in August 2010 to a jail term of three months, a probationary period of three years, and a suspended sentence of five years and eight months. It is not apparent whether his probation was revoked, or whether the suspended sentence ultimately was executed. However, Petitioner was advised of this concern and ordered to show cause why the action should not be dismissed on this basis. He did not respond.

Based on the information before the Court, it appears that Petitioner presently is

2

not in custody for purposes of section 2254. Accordingly, the Court lacks jurisdiction.

**II.     Exhaustion**

Even assuming jurisdiction is proper under § 2254, the petition must be dismissed because Petitioner's claims are unexhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas

> petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

The instant petition for writ of habeas corpus reflects that Petitioner has not presented his claims to the highest state court, the California Supreme Court. Petitioner was ordered to inform the Court if, in fact, his claims had been presented to the California Supreme Court. He did not do so. Accordingly, the Court is unable to proceed to the merits of the petition. 28 U.S.C. § 2254(b)(1).

## III. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473,

4

484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

**IV.	Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED;
2. The Court DECLINES to issue a certificate of appealability; and
3. The Clerk of Court is directed to terminate any pending motions and close the case.

IT IS SO ORDERED.

Dated:   September 13, 2017            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

5